UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

AYUDHIA SARESH NARAIN, JR.,

Defendant.

Criminal No. 07-46M-01

## DETENTION MEMORANDUM

The Defendant, Ayudia Saresh Narain, Jr., has been charged in a criminal complaint with unlawful, knowing, and intentional possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924 (c)(1).

The Government requested a detention hearing, which was held February 23, 2007.  At the conclusion of the hearing, the Court found that Defendant Narain should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention."  19 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, Officer Raoul Short of the Metropolitan Police Department testified on behalf of the Government.  Officer Short testified that while on patrol on February 18, 2007, at 3:00 am, he came upon a silver Mercedes Benz sedan sitting in the middle of the intersection of 4th Street and F Street NE.  Because northbound traffic was approaching, Officer Short approached the vehicle and called out to the Defendant who appeared to be asleep at the wheel even though the car's engine was running.  When he received no response, Officer Short walked up to the driver's side door and again asked the Defendant if he was all right, but the Defendant mumbled incoherently. Smelling the distinct odor of alcohol, Officer Short reached through the open driver's side window and turned off the vehicle, which had drifted to the side of the road where Officer Short subsequently placed it in park.

Next, Officer Short opened the driver's side door and noticed what appeared to be the butt of a handgun wedged between the control panel and the door.  Reaching down, Officer retrieved the item, which was indeed a handgun (a High Point 9mm semi-automatic ) that held eight rounds with one in the chamber.  After ushering the barely conscious Defendant out of the car for a breath test and intoxilyzer analysis, Officer Short proceeded to search the interior of the car and found bank deposit slips with the Defendant's name and a black sock on the backseat.  Inside the sock, he found a container full of a liquid, that when opened emanated an odor consistent with that of PCP. Additionally when searching the Defendant's person, Officer Short found $2000 in cash.  Moreover, the drug tests showed that Defendant had a Blood Alcohol Content of .15 (well above the legal limit) and had traces of cocaine and opiates in his system as well.

Officer Short then opened the trunk and found a glass digital scale, a brown designer bag and a cotton Louis Vuitton bag.  Inside the brown bag, there was approximately $1449 in cash, four cell

phones, one Palm Pilot and a wallet containing seven or eight credit cards in the Defendant's name. Officer Short's search of the Louis Vuitton bag yielded eight sizeable bags of a white rock-like powder substance and one large bag of the same. The white substance field tested positive for cocaine and weighed 394 grams.

At the close of the hearing, the Court found probable cause that the Defendant had constructive possession of the gun and drugs, violations of 18 U.S.C. § 924 (c)(1) and 21 U.S.C. § 841(a)(1) respectively.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook* , 780 F.2d 1185, 1188-89 (5th Cir. 1986).

When, as here, there is probable cause to believe that a defendant has committed a violation

of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)). The same presumption under § 3142(e) arises when there is probable cause to believe that a defendant has used a firearm to commit a felony in violation of 18 U.S.C. § 942(c). *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant Narain is charged in part with possession and intent to distribute large quantities of illegal drugs.

The second factor, the weight of the evidence, also favors detention. The government has strong evidence against Defendant Narain in the form of drugs, a handgun and drug paraphernalia confiscated from the car he was driving. The packaging of the cocaine strongly suggests that the Defendant intended to distribute the drugs. Additionally, while the Defendant is unemployed and a full time student, he was carrying a large sum of money on his person and the trunk of the car contained even more cash and numerous credit cards in his name.

- 4 -

The third factor, the history and characteristics of the defendant, also favors detention. Although the Defendant Narain is a lifelong resident of the District of Columbia and lives with his infirm grandmother, coupled with the fact that he has no prior arrests and is in his last semester of a business degree at the University of the District of Columbia, he would not seem to be a risk of flight.  However, the strength of the Government's case and the potential sentence he is facing if convicted outweighs his ties to the community.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  The current charges before this Court against Defendant Narain involving narcotics and firearms clearly demonstrate that he is a substantial danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community and concludes by a preponderance of the evidence that his pretrial release would constitute an unreasonable risk of flight.  The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case.  Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the appearance of the Defendant as required and the safety of the community.  Therefore, the government's motion for pretrial detention is granted.

Dated: February  28th , 2007                    _____/s/_____
                                                ALAN KAY
                                                UNITED STATES MAGISTRATE JUDGE